# EXHIBIT 13

INDEMNITY AGREEMENT BETWEEN MCORCO INT'L.
AND NATIONAL UNION FIRE INS. CO.
MAY 31, 1984/1985

CONFIDENTIAL

JTF0002984

<u>INDEMNITY AGREEMENT</u>

Made this 31st day of May, 1984.

by and between

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA./
AMERICAN HOME ASSURANCE COMPANY

with offices at 70 Pine Street, New York, NY 10270

(hereinafter called the "Company")

and

MOORCO INTERNATIONAL INC.

with offices at 2700 Post Oak Blvd., Houston, TX 77056

(hereinafter called "Moorco")

<u>WITNESSETH</u>

WHEREAS, the Company has simultaneously herewith agreed to
issue certain insurance policies providing the following coverages:
Worker's Compensation including Employer's Liability, U.S.L.& H.,
General Liability, Automobile Liability and Products Liability
for the period 12:01 a.m. Central Standard Time May 31, 1984
through 12:01 a.m. Central Standard Time May 31, 1985; and

WHEREAS, the Company has agreed to accept as partial premium
payment Moorco's Promissory Notes and to accept for reduction of
such Promissory Notes indemnification of loss payments, and
other expenses; and

WHEREAS, Moorco has executed and delivered to the Company the
following:

1.  A Corporate Resolution Authorizing the Execution of
    this Indemnity Agreement; and

2-1.289 B12 R1413

**CONFIDENTIAL**                                                    **JTF0002985**

2.  A Promissory Note in the requisite amount; and

3.  The collateral security required herein and all

required documentation therefor;

NOW, THEREFORE, in consideration of the mutual covenants and premises herein contained and upon the terms and conditions hereinafter set forth, it is agreed as follows:

## ARTICLE I

INSURANCE POLICIES

The Company will issue the following insurance policies to Moorco which are incorporated herein by reference and made a part hereof:

The limit of liability for policy number WC 117-4431 is Statutory.

The limit of liability for policy numbers GLA 960-1513 (not including Texas Auto), GLA 468-8149 is One Million Dollars ($1,000,000) per occurrence, One Million Dollars ($1,000,000) aggregate where applicable BI/One Million Dollars ($1,000,000) per occurrence, One Million Dollars ($1,000,000) aggregate where applicable PD.

The limit of liability for policy numbers GLA  960-1513 (Texas Auto Liability only) BA 145-3853, and GLA 468-8148 is One Million Dollars ($1,000,000) per person, One Million Dollars ($1,000,000) per occurrence BI/One Million Dollars ($1,000,000) per occurrence PD.

## ARTICLE II

FEES AND PREMIUMS

Moorco agrees to pay to the Company as partial premium for the policies issued pursuant to Article I hereof the following fees and/or premium:

1.  An issuing fee minimum and deposit..........$58,000

Such issuing fee being 3.9% of the estimated standard premium of $1,494,275.

-2-

2-1.289 B13 R1413

CONFIDENTIAL

JTF0002986

2. Premium for the following coverages excess of
the retentions provided for in Article IV...... $252,750
distributed as follows:

   Worker's Compensation – One Hundred Thirty-Eight
   Thousand Dollars ($138,000), adjustable as
   follows: .2953 per $100 based on estimated
   payroll of $46,730,000.

   Comprehensive General Liability – Forty-Eight
   Thousand Three Hundred Seventy-Five Dollars
   ($48,375), adjustable as follows: .2185 per $100
   based on estimated payroll of $224,200,000.

   Automobile Liability – Sixty-Six Thousand, Three
   Hundred Seventy-Five Dollars ($66,375), adjust-
   able as follows: $119.38 per power unit based
   upon estimated total units of 556 power vehicles.

   Products Liability – included in GL.

3. Taxes, Boards, Bureaus and Residual Market Charges
at the rate of 5.6% of the difference between the
Estimated Standard Premium shown in 1 above and the
excess premium shown in 2 above.................$ 69,525

4. Unallocated Claims Administration
expense fee minimum and deposit of:............$ 14,000

5. Aggregate Stop Loss – Twenty Thousand
Dollars ($20,000), adjusted in accordance
with the Aggregate Addendum which is
incorporated herein by reference.

6. Total........................................$414,275

7. Claims payment fund:..........................$ 20,000

   Each calendar quarter the amount of the claims
   payment fund will be adjusted to reflect seventy-
   five (75) days estimated paid claims.

The above fees are payable as follows: on a monthly basis, except
Excess and Aggregate Stop Loss Premium which are paid quarterly.

<u>ARTICLE III</u>

<u>PROMISSORY NOTE</u>

   Moorco shall deliver to the Company its non-interest bearing

negotiable Promissory Note for the balance of the premium due

on the policies listed in Article I hereof less the balance paid

and set forth in subparagraph 6 of Article II.  Such note(s)

shall be in the form required by the Company.

-3-

2-1.289 B14 R1413

CONFIDENTIAL                                    JTF0002987

## ARTICLE IV

Moorco will indemnify the Company against all liability that the Company may incur by reason of the issuance of the policies listed in Article I hereof, or in defending or prosecuting any suit, action or other proceeding either in connection therewith or in obtaining or attempting to obtain a release from liability in respect thereof including but not limited to:

1. (a).

(i)  As respects Worker's Compensation Insurance all losses up to the first One Hundred and Fifty Thousand Dollars ($150,000) of the Company's Liability for benefits paid or payable per accident and/or occurrence on behalf of Moorco, such benefits being required by the Workmen's Compensation Law, Worker's Compensation Law or any Occupational Disease Law of the United States Government, state or states designated in the Declarations of the Company's Policy (ies) listed in Article I hereof.

(ii)  As respects Occupational Disease Coverage all losses up to the first One Hundred and Fifty Thousand Dollars ($150,000) of the Company's Liability per benefits paid or payable on behalf of Moorco, such benefits being required by the Workmen's Compensation Law, Worker's Compensation Law or any Occupational Disease Law of the United States Government, state or states designated in the Declarations of the Company's Policy (ies) listed in Article I hereof.

(iii)  As respects Employer's Liability Insurance all losses up to the first One Hundred and Fifty Thousand Dollars ($150,000) of the Company's Liability for such sums as the insured is legally obligated to pay as damages because of bodily injury by accident or disease.

-4-

2-1.289 B15 R1413

CONFIDENTIAL

JTF0002988

(iv)  As respects United States Longshoremen's and Harbor Workers' Compensation Act coverage all losses up to the first One Hundred and Fifty Thousand Dollars ($150,000) of the Company's liability for benefits paid or payable per accident and/or occurrence on behalf of  the Insured, such benefits being required by the United States Code (1946) Title 33, Section 901-49, with respect to operations subject to the said Longshoremen's and Harbor Workers' Compensation Act in the state or states designated in Item 3 of the Declarations of the Company's Policy (ies) listed in Article I hereof.

(v)  As respects Employers' Liability Coverage for a master or a member of any vessel all losses up to the first One Hundred and Fifty Thousand Dollars ($150,000) of the Company's liability for such sums as the Insured thereunder shall become legally obligated to pay as damages because of bodily injury by accident, including death at any time resulting therefrom sustained by any employee of the Insured arising out of and in the course of his employment by the Insured either in operations in a state or states designated in Item 3 of the Declarations of the Company's Policy (ies) listed in Article I hereof or any operations necessary or incidental thereto.  The words "damages because of bodily injury by accident, including death at any time resulting therefrom", include damages for care and loss of services and damages for which the Insured is liable by reason of suits or claims brought against the Insured by others to recover the damages obtained from such others because of such bodily injury sustained by employees of the Insured arising out of and in the course of their employment.  Such injury sustained by a master or a member of the crew of any vessel shall be deemed to be sustained in operations in the state within which the home port of such vessel is situated.

-5-

2-1.289 B16 R1413

**CONFIDENTIAL**                                                         **JTF0002989**

(v)  As respects Employers' Liability Coverage for a master or a member of any vessel all losses up to the first One Hundred and Fifty Thousand Dollars ($150,000) of the Company's liability for such sums as the Insured thereunder shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom sustained by any employee of the Insured arising out of and in the course of his employment by the Insured either in operations in a state or states designated in Item 3 of the Declarations of the Company's Policy (ies) listed in Article I hereof or any operations necessary or incidental thereto. The words "damages because of bodily injury by accident, including death at any time resulting therefrom", include damages for care and loss of services and damages for which the Insured is liable by reason of suits or claims brought against the Insured by others to recover the damages obtained from such others because of such bodily injury sustained by employees of the Insured arising out of and in the course of their employment. Such injury sustained by a master or a member of the crew of any vessel shall be deemed to be sustained in operations in the state within which the home port of such vessel is situated.

(vi)  As respects Comprehensive General Liability all losses up to the first One Hundred and Fifty Thousand Dollars ($150,000) per occurrence of the Company's Liability.

(vii)  As respects Automobile Liability all losses up to the first One Hundred and Fifty Thousand Dollars ($150,000) per occurrence of the Company's Liability.

(viii)  As respects Products Liability all losses up to the first One Hundred and Fifty Thousand Dollars ($150,000) per occurrence and the first One Million Dollars ($1,000,000) in the aggregate of the Company's Liabillty.

-6-

2-1.289 B17 R1413

CONFIDENTIAL                                                                JTF0002990

(b)  All Allocated Loss Expenses in proportion to the ratio that the amount of loss paid by Moorco bears to the total amount of the loss except in those instances where no loss is paid but there are allocated loss expenses in that instance Moorco will assume all Allocated Loss Expenses.

(c)  All other insurance related expenses which are charged by any regulatory or governmental authority which are a direct liability against the policies listed in Article I.

(d)  All reserves posted by the Company against premiums and/or losses within the above listed retentions.

(e)  All punitive damages, exemplary damages, fines and/or penalties, this clause shall not apply insofar as it can be shown during a duly held arbitration in accordance with Article VIII of this Agreement that the Company has been tortious, willful, wanton, or reckless in handling a claim which is the subject matter of this Agreement.

Moorco agrees that it will pay over to the Company all sums of money which the Company shall pay or become liable to pay by reason of the foregoing and will make such payment to the Company as soon as the Company shall make demand therefore.  In the event that Moorco should not make payment as called for above within fifteen (15) days of demand by the Company Moorco agrees that interest shall accrue daily and be payable to the Company on such delinquent payment at the prime rate in effect daily at Citibank, N.A. New York, N.Y.

<u>ARTICLE V</u>

<u>NOTE PAYMENTS</u>

All payments made by Moorco in satisfaction of its indemnification responsibilities as set forth in Article IV hereof or drawing from the security agreed to in Article VII hereof, shall be credited

-7-

2-1.289 B18 R1413

CONFIDENTIAL                                                                JTF0002991

as payments and constitute satisfaction of Moorco's liability under the Promissory Notes described in Article III hereof.  Within five (5) days after each calendar quarter, the Company and Moorco shall confirm the balances due on the Promissory Note from Moorco to the Company.  The amount of the replacement note shall be the larger of: (a) the amount of the original Promissory Note, or (b) the cumulative amount of incurred losses; less cumulative loss payments as set forth in Moorco's loss run valued as of the last day of the immediately preceding calendar quarter and fixed expenses as shown in Article II. Moorco shall then tender to the Company a replacement Promissory Note, dated as of the end of the quarter, for the new agreed amount and the Company shall return to Moorco the previous note marked "Cancelled".

So long as Moorco fulfills and meets its obligations hereunder no claim shall be made on the Promissory Note, which shall become due and payable only in the event of default by Moorco in its obligations to indemnify the Company in accordance with the terms and conditions of this Agreement.

## ARTICLE VI

NO ASSIGNMENT

Neither party may assign its rights under this Agreement to any third party without the prior written consent of the other party.  The Company shall not assign the note to any party without Moorco's written consent.

## ARTICLE VII

SECURITY

Moorco undertakes to guarantee to the Company the payment of the amounts due under Article IV hereof and will provide the Company the following: a clean, irrevocable Letter of Credit in the amount of One Million One Hundred Thousand Dollars ($1,100,000) and such

-8-

2-1.289 B19 R1413

CONFIDENTIAL

further security as may be required to cover loss reserves, and IBNR after expiration of the policies listed in Article I hereof.

ARTICLE VIII

ARBITRATION CLAUSE

All disputes or differences arising out of the interpretation of this Agreement shall be submitted to the decision of two (2) Arbitrators, one to be chosen by each party and in the event of the Arbitrators failing to agree, to the decision of an Umpire to be chosen by the Arbitrators.  The Arbitrators and Umpire shall be executive officials of Fire or Casualty Insurance or Reinsurance Companies.  If either of the parties fails to appoint an Arbitrator within one (1) month after being required by the other party in writing to do so, or if the Arbitrators fail to appoint an Umpire, within one (1) month of a request in writing by either of them to do so, such Arbitrator or Umpire, as the case may be shall at the request of either party be appointed by a Justice of the Supreme Court of the State of New York.

The Arbitration proceedings shall take place in New York, New York.  The applicant shall submit its case within one (1) month after the appointment of the Court of Arbitration, and the respondent shall submit his reply within one (1) month after the receipt of a claim.  The Arbitrators and Umpire are relieved from all judicial formality and may abstain from following the strict rules of law.  They shall settle any dispute under this Agreement according to an equitable rather than a strictly legal interpretation of its terms and their decision shall be final and not subject to appeal.

Each party shall bear the expenses of its Arbitrator and shall jointly and equally share with the other the expenses of

-9-

2-1.289 B20 R1413

CONFIDENTIAL

JTF0002993

the Umpire and of the Arbitration.

The Article shall survive the termination of this Agreement.

## ARTICLE IX

This Agreement shall automatically terminate at such time when all reported claims arising out of the issuance of the policies listed in Article I are closed.  The Company and Moorco agree that in the event such termination has occurred and subsequent thereto either of the following occurs:

    (a)   claims arising from the issuance of policies listed in Article I, which had been reported and closed prior to the termination of this Agreement are reopened; or

    (b)   claims arising from the issuance of policies listed in Article I, allegedly incurred within the policy period but not reported prior to the termination of this Agreement and made upon the Company, then;

this Agreement shall be automatically renewed and shall continue in full force and effect until such claims have been closed.

In the event that Moorco shall:

    1)  at any time become delinquent in the payment of balances due in accordance with this Agreement

    2)  or refuse to provide security as required by the Company,

    3)  shall be insolvent or bankrupt or commit an act of bankruptcy or make an assignment for the benefit of creditors

the Company may at its sole option effect the collection of such balances by (a) drawing upon the security agreed to in Article VII hereof or (b) declare the earned premium due under the policies listed in Article I hereof and effect collection thereof.

## ARTICLE X

ALLOCATED LOSS EXPENSES

1.  The term "Allocated Loss Expenses" as used in this Agreement shall mean all court costs, court fees and court expenses;

-10-

2-1.289 B21 R1413

**CONFIDENTIAL**

JTF0002994

interest, fees for services of process; fees to attorneys; costs of undercover operative and detective services; costs of employing experts for preparation of maps, photographs, diagrams, chemical or physical analysis or for advice, opinion or testimony concern ing claims under investigation or in litigation; costs for legal transcripts of testimony taken at coroner's inquests, criminal or civil proceedings; costs for copies of any public records; costs of deposition and court reported or recorded statements, costs and expenses of subrogation and any other similar fee, cost or expense reasonably chargeable to the investigation, negotiation, settlement, or defense of a claim or loss or to the protection and perfection of the subrogation rights of the Company and/or of Moorco. "Allocated Loss Expenses" shall not mean fees for attorneys who are employees of the Company or on permanent retainer.

## ARTICLE XI

NOTICES

All notices required hereunder shall be sent to Moorco International Inc. at 2700 Post Oak Blvd., Houston, TX 77056, Attention: John Burdick and to the Company at 70 Pine Street, New York, New York 10270, Attention: Michael Curio.

## ARTICLE XII

CLAIMS ADMINISTRATION

The Company agrees to engage through AIG Risk Management, Inc. GAB Business Service, 1341 W. Mockingbird Lane, Dallas, TX 75247 to handle Claims Administration for claims arising hereunder for a fee of Twelve Thousand Dollars ($12,000) minimum and deposit to be charged as follows:

Workers Compensation - Medical Only at $40 per claimant.
Workers Compensation - Indemnity at $275 per claimant.
Automobile Liability - at $155 per claimant.

-11-

2-1.289 B22 R1413

CONFIDENTIAL                                                                    JTF0002995

General Liability, Products Liability, U.S.L.& H., and Jones Act claims on a Time and Expense basis as closed.  Claims in the State of Massachusetts $15.00 per transaction with supervision, if involved, at Time and Expense.

There will be a 10% surcharge added to the above fees for all claims handled in Canada.

Furthermore, Moorco shall pay AIG Risk Management, Inc. a supervision fee of Two Thousand Dollars ($2,000), minimum and deposit, which is adjustable at 10% of GAB´s fee.

## ARTICLE XIII

Upon termination of this Agreement, Moorco shall complete the payment of all balances due under this Agreement.  If such balances due under this Agreement are not paid upon termination of this Agreement, then the Company may, at its option, effect the collection of said balance by drawing upon the security held in accordance with the provisions of Article VII.

## ARTICLE XIV

Moorco agrees that any termination of this Agreement shall be deemed to be a request by Moorco for a simultaneous termination of the aforesaid insurance policy or policies.

## ARTICLE XV

Forebearance, neglect or failure by the Company to enforce any and all of the provisions of this Agreement or to insist upon strict compliance by Moorco shall not be construed as a waiver of any rights or privileges of the Company.  A waiver of a past act or circumstances shall not constitute or be a course of conduct or waiver of any subsequent action or circumstances.

## ARTICLE XVI

This Agreement supercedes all previous Agreements as to the same subject matter, whether oral or written, between the Company and Moorco, and this Agreement constitutes the entire and sole

-12-

2-1.289 B23 R1413

CONFIDENTIAL                    JTF0002996

contract between the parties and any prior statements, agreements or representations between the parties are merged herein.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized representatives in New York, New York, this *7th* day of *March*, 198*5*.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA./
AMERICAN HOME ASSURANCE COMPANY

BY: *William C. Raymond*
    *William C. Raymond*

TITLE: *Asst. Vice President*

ADDRESS:   70 Pine Street
           New York, NY 10270

and in Houston, Texas, this 20th day of February , 1985 .

MOORCO INTERNATIONAL INC.

BY: *John T. Burdick*

TITLE: *VP Human Resources*

ADDRESS: 2700 Post Oak Blvd.
         Houston, TX 77056

-13-

2-1.289 B24 R1413

CONFIDENTIAL                                      JTF0002997

ADDENDUM #1

to

INDEMNITY AGREEMENT

between

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA./
AMERICAN HOME ASSURANCE COMPANY

(hereinafter called the "Company")

and

MOORCO INTERNATIONAL INC.

(hereinafter called "Moorco")


The Indemnity Agreement made May 31, 1984 between the Company and Moorco is hereby amended in the following respects:

Articles I and II are amended to read in their entirety as follows:

<u>ARTICLE I</u>

<u>INSURANCE POLICIES</u>

The Company will issue the following insurance policies to Moorco which are incorporated herein by reference and made a part hereof:

The limit of liability for policy number WC 117-4431 is Statutory.

The limit of liability for policy numbers GLA 960-1513 (not including Texas Auto), GLA 468-8149 is BI One Million Dollars ($1,000,000) per occurrence, One Million Dollars ($1,000,000) aggregate where applicable, and PD One Million Dollars ($1,000,000) per occurrence, One Million Dollars ($1,000,000) aggregate where applicable.

10IA-1

CONFIDENTIAL

JTF0002998

The limit of liability for policy numbers GLA 960-1513 (Texas Auto Liability only) BA 145-3853, and GLA 468-8148 is BI One Million Dollars ($1,000,000) per person, One Million Dollars ($1,000,000) per occurrence, and PD One Million Dollars ($1,000,000) per occurrence.

### ARTICLE II

### FEES AND PREMIUMS

Moorco agrees to pay to the Company as partial premium for the policies issued pursuant to Article I hereof the following fees and/or premium:

1.  An issuing fee minimum and deposit.............$ 58,000
    Such issuing fee being 3.9% of the estimated standard premium of $849,357.

2.  Premium for the following coverages excess of the retentions provided for in Article IV.........$137,500 distributed as follows:

    Workers' Compensation - Seventy-Five Thousand, Six Hundred Twenty-Five Dollars ($75,625), adjustable as follows:  .1951 per $100 based on estimated payroll of $38,758,928.

    Comprehensive General Liability - Twenty-Six Thousand One Hundred Twenty-Five Dollars ($26,125), adjustable as follows:  .1695 per $1,000 based on estimated revenue of $154,092,000.

    Automobile Liability - Thirty-Five Thousand, Seven Hundred Fifty Dollars ($35,750), adjustable as follows:  $130.95 per power unit based upon estimated total units of 273 power vehicles.

    Products Liability - included in GL.

3.  Taxes, Boards, Bureaus and Residual Market Charges at the rate of 5.6% of the difference between the Estimated Standard Premium shown in 1 above and the excess premium shown in 2 above................$ 39,864

10IA-1                      -2-

CONFIDENTIAL                                                    JTF0002999

4. Unallocated Claims Administration expense fee minimum and deposit of.................................$ 14,000

5. Aggregate Stop Loss - Twenty Thousand Dollars ($20,000), adjusted in accordance with the Aggregate Addendum which is incorporated herein by reference.

6. Total........................................$269,364

7. Claims payment fund..........................$ 20,000
   Each calendar quarter the amount of the claims payment fund will be adjusted to reflect seventy-five (75) days estimated paid claims.

The above fees are payable as follows: on a monthly basis, except Excess and Aggregate Stop Loss Premiums which are paid quarterly.

IN WITNESS WHEREOF, the parties hereto have caused this Addendum #1 to be executed by their duly authorized representatives in New York, New York, this _10_ day of _June_ , 19 _86_.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA./
AMERICAN HOME ASSURANCE COMPANY

BY: _William C. Raymond_

_William C. Raymond_

TITLE: _Vice President_

ADDRESS:   70 Pine Street
           New York, NY  10270

and in Houston, Texas, this _10_ day of _February_ , 19 _86_.

MOORCO INTERNATIONAL INC.

BY: _John J. Burdick_

TITLE: _Vice President_

ADDRESS:   2700 Post Oak Blvd.
           Suite 2400
           Houston, TX  77056

10IA-1                    -3-

CONFIDENTIAL

Effective 12:01 A.M. Central Standard Time 31st day of May, 1984
through 12:01 A.M. Central Standard Time 31st day of May, 1985.

AGGREGATE ADDENDUM
AGS 1000274

to

INDEMNITY AGREEMENT

between

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA./
AMERICAN HOME ASSURANCE COMPANY

(hereinafter called the "Company")

and

MOORCO INTERNATIONAL INC.

(hereinafter called "Moorco")

WHEREAS, the Company has agreed to provide indemnification to Moorco for loss payments accepted by Moorco in accordance with Article II hereof; and

WHEREAS, the Company wishes to index the Company's attachment point of the indemnification in accordance with future payrolls of Moorco.

NOW, THEREFORE, in consideration of the payment by Moorco of Twenty Thousand Dollars ($20,000) to the Company and subject to the mutual covenants and premises herein contained and upon the terms and conditions hereinafter set forth, it is agreed as follows:

2-1.289 B2 R1413

**CONFIDENTIAL**

**JTF0003001**

1)    The Company shall indemnify Moorco within the limit stated in Paragraph 2 hereof whenever Moorco shall have first sustained losses under Article IV hereof equal to the attachment point shown in Paragraph 3 below.

2)    The Company's limit of indemnification is Ten Million Dollars ($10,000,000).

3)    The Company's attachment point is Two Million Fifty Thousand Dollars ($2,050,000) subject to the provisions of Paragraph 4 below.

4)    The following formula shall be used to index the Company's attachment point upward:

A = Original Payrolls
B = Audited Payrolls
C = Original attachment Point as stated in item 3 above

$$\frac{B - A}{A} \quad x \quad C \ + \ C$$

IN WITNESS WHEREOF, the parties hereto have caused this Aggregate Addendum to be executed by their duly authorized representatives in New York, New York this _7th_ day of _March_, 19_85_.

-2-

CONFIDENTIAL                                                          JTF0003002

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA./
AMERICAN HOME ASSURANCE COMPANY

BY: *William C. Raymond*

*William C. Raymond*

TITLE: *ASST. VICE PRESIDENT*

ADDRESS:    70 Pine Street
New York, NY 10270

and in Houston, Texas, this 20th day of February , 19 85.

MOORCO INTERNATIONAL INC.

BY: *John J. Burdick*

TITLE: *VP Human Resources*

ADDRESS: 2700 Post Oak Blvd.
Houston, TX 77056

-3-

2-1.289 B4 R1413

CONFIDENTIAL

JTF0003003

Effective 12:01 A.M. Central Standard Time 31st day of May, 1984

through 12:01 A.M. Central Standard Time 31st day of May, 1985.

AGGREGATE ADDENDUM
AGS 1000274

to

INDEMNITY AGREEMENT

between

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA./
AMERICAN HOME ASSURANCE COMPANY

(hereinafter called the "Company")

and

MOORCO INTERNATIONAL INC.

(hereinafter called "Moorco")

WHEREAS, the Company has agreed to provide indemnification to Moorco for loss payments accepted by Moorco in accordance with Article II hereof; and

WHEREAS, the Company wishes to index the Company's attachment point of the indemnification in accordance with future payrolls of Moorco.

NOW, THEREFORE, in consideration of the payment by Moorco of Twenty Thousand Dollars ($20,000) to the Company and subject to the mutual covenants and premises herein contained and upon the terms and conditions hereinafter set forth, it is agreed as follows:

2-1.289 B2 R1413

CONFIDENTIAL

JTF0003004

1)    The Company shall indemnify Moorco within the limit stated in Paragraph 2 hereof whenever Moorco shall have first sustained losses under Article IV hereof equal to the attachment point shown in Paragraph 3 below.

2)    The Company's limit of indemnification is Ten Million Dollars ($10,000,000).

3)    The Company's attachment point is Two Million Fifty Thousand Dollars ($2,050,000) subject to the provisions of Paragraph 4 below.

4)    The following formula shall be used to index the Company's attachment point upward:

A = Original Payrolls
B = Audited Payrolls
C = Original attachment Point as stated in item 3 above

$$\frac{B - A}{A} \quad x \quad C + C$$

IN WITNESS WHEREOF, the parties hereto have caused this Aggregate Addendum to be executed by their duly authorized representatives in New York, New York this 7th day of March, 19 85.

-2-

2-1.289 B3 R1413

CONFIDENTIAL

JTF0003005

NATIONAL UNION FIRE INSURANCE
   COMPANY OF PITTSBURGH, PA./
AMERICAN HOME ASSURANCE COMPANY

BY: _William C. Raymond_

_William C. Raymond_

TITLE: _Asst. Vice President_

ADDRESS:    70 Pine Street
            New York, NY 10270


and in Houston, Texas, this _20th_ day of _February_ , 19_85_.

MOORCO INTERNATIONAL INC.

BY: _John W. Burdick_

_____

TITLE: _VP Human Resources_

ADDRESS: 2700 Post Oak Blvd.
         Houston, TX 77056


-3-


2-1.289 B4 R1413

CONFIDENTIAL                    JTF0003006

ADDENDUM #1

to

AGGREGATE ADDENDUM #1000274

between

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA./

AMERICAN HOME ASSURANCE COMPANY

(hereinafter called the "Company")

and

MOORCO INTERNATIONAL INC.

(hereinafter called "Moorco")


The Aggregate Addendum made May 31, 1984, between the
Company and Moorco is hereby amended in the following respects:

"It is understood and agreed that the Company's attach-
ment point referred to in Item 3 of the Aggregate Addendum
is amended to One Million Three Hundred Thousand Dollars
($1,300,000) in lieu of before.

All other terms and conditions remain unchanged."


IN WITNESS WHEREOF, the parties hereto have caused this
Addendum #1 to be executed by their duly authorized representa-
tives in New York, New York, this _28th_ day of _July_,
19_87_.

CONFIDENTIAL                                        JTF0003007

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

BY: _____

TITLE: _Vice President_____

ADDRESS:  70 Pine Street
          New York, New York  10270


and in __Houston__, __Texas__, this __2__ day of __July__, 19_87_.

MOORCO INTERNATIONAL INC.

BY: _____

TITLE:  _Vice President Controller_

ADDRESS:  2700 Post Oak Boulevard
          Houston, Texas  77056

CONFIDENTIAL                                   JTF0003008